**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

CHARLES CARROLL,          )
                                    )
               Plaintiff,      )      Civil Action No. 11-807
                                    )      Judge Schwab
      v.                    )      Magistrate Judge Bissoon
                                    )
ALLEGHENY COUNTY JAIL, *et al.*,  )
                                    )
             Defendants.    )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that all of Plaintiff's claims against Defendant SCI-Camp Hill be dismissed, with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B). It further is recommended that Plaintiff's constitutional claims against Defendant Allegheny County Jail be dismissed, without prejudice. Additionally, it is recommended that Plaintiff's claims against Defendant John Doe be dismissed without prejudice. Finally, it is recommended that Plaintiff's claims against Defendant John Doe #2 be dismissed with prejudice.

## II. REPORT

Charles Carroll ("Plaintiff") is an inmate confined to Allegheny County Jail ("ACJ"), in Pittsburgh, Pennsylvania. Plaintiff brings this cause of action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, *et seq.* In his complaint, Plaintiff alleges violations of his rights under the First, Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

Compl. (Doc. 3) at 2. Plaintiff also raises claims under the Americans with Disabilities Act, 42 U.S. C. § 12101, *et seq.*, as well as state tort laws.

This suit commenced with Plaintiff's placing of the complaint in the prison mail system on June 15, 2011. (Doc. 1-1) at 4. Plaintiff was granted leave to proceed *in forma pauperis* ("IFP") on June 21, 2011. (Doc. 2).

Plaintiff alleges that he was transferred from ACJ to the State Correctional Institution at Greene ("SCI-Greene") in March 13, 2008. (Doc 3) at 5. For reasons that are not explained in the complaint, he was housed at the State Correctional Institution at Camp Hill ("SCI-Camp Hill") on March 21, 2008. Id. Plaintiff alleges that, while there, (1) he was placed into protective custody without notice or a hearing, and (2) he suffered an injury due to a fall from his bunk, for which admits that he received medical treatment. Id. Plaintiff was transferred back to ACJ on April 24, 2008, and has received medical treatment there for his alleged injury at SCI-Camp Hill. Id. Finally, Plaintiff indicates that ACJ refuses to accept his property that was shipped to it from SCI-Camp Hill. Plaintiff alleges that he discovered this fact on May 7, 2010. Id.

A. **Statute of Limitations**

With the exception of the issue of ACJ's alleged refusal to accept a shipment of his property, Plaintiff's pleadings indicate that the facts alleged in the complaint took place, at the latest, on April 24, 2008. See, e.g., (Doc. 3) at 5. It is well established that the statute of limitations of any section 1983 claim is the forum state's statute of limitations for personal injury suits. Mumma v. High Spec, Inc., No. 09-4667, 2010 WL 4386718, at *2 (3d Cir. Nov. 5, 2010) (citing Wilson v. Garcia, 471 U.S. 261, 266-67 (1985) (*overruled on other grounds*)). The same

is true for claims brought under Title II of the ADA. <u>Disabled in Action of PA v. SEPTA</u>, 539 F.3d 199, 208 (3d Cir. 2008). The applicable statute of limitations in Pennsylvania is two years. 42 Pa.C.S.A § 5524.

The so-called "Third Circuit rule" allows for the *sua sponte* dismissal, pursuant to 28 U.S.C. § 1915(e)(2)(B),[1] of claims that, based on the face of the complaint, are barred by the statute of limitations. <u>See</u> <u>Mumma</u>, No. 09-4667, 2010 WL 4386718, at *2. A reading of the complaint indicates that Plaintiff's cause of action under section 1983 with respect to the events that occurred at SCI-Camp Hill accrued, at the very latest, on April 24, 2008. <u>See, e.g.</u>, <u>Wallace v. Kato</u>, 549 U.S. 384, 391 (2007). Plaintiff did not file a cause of action based on these claims until June 15, 2011 – well outside of the applicable 2-year statute of limitations. For these reasons, Plaintiff's claims based on federal law relating to the alleged events at SCI-Camp Hill in 2008 should be dismissed, with prejudice.[2]

---

[1] Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons that are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Thus, a court must dismiss, *sua sponte*, a complaint that lacks arguable merit in fact or law. <u>Stackhouse v. Crocker</u>, 266 F.App'x 189, 190 (3d Cir. 2008) (<u>citing</u> <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989)). The standard for reviewing a complaint under section 1915(e)(2)(B) is the same as that for determining a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. <u>See</u> <u>Banks v. Mozingo</u>, No. 1:08cv004, 2009 WL 497572, at *6 (W.D.Pa. Feb. 26, 2009) (Cercone, J.).

[2] To the extent that venue for Plaintiff's claims against SCI-Camp Hill may be improper in the Western District of Pennsylvania, dismissal under section 1915 is still recommended. In a case where venue is improper, the district court in which the case is filed must either dismiss the case, or transfer it to the proper division or district "if it be in the interest of justice . . . ." 28 U.S.C. § 1406(a). Here, Plaintiff's claims against Defendants SCI-Camp Hill and John Doe #2 clearly are time-barred, and thus frivolous. Justice has no interest in the transfer of a case "'where . . . [it] would be futile because the case would be dismissed even after transfer.'" <u>Muhammad v. Weis</u>, No. 08-3616, 2009 WL 2525454, at *6 (W.D.Pa. Aug. 17, 2009) (quoting <u>Econ Research Servs., Inc. v. N. Western Corp.</u>, No. 07-7175, 2007 WL 4557785 at *4 (continued . . .)

**B.**     <u>**Property Claims**</u>

Plaintiffs only allegations regarding the lack of acceptance of his property when it was shipped, free of charge, from SCI-Camp Hill are against ACJ. (Doc. 3) at 5; <u>see also</u> (Doc. 3-4) at 1. It is well-established that jail facilities are not persons for the purposes of section 1983 liability. <u>See</u>, <u>e.g.</u>, <u>Monroe v. Mullooley</u>, No 10-1208, 2011 WL 337333, at * 1 (W.D.Pa. Feb. 3, 2011) (Ambrose, J.). Instead, such a facility merely is a sub-unit of the political subdivision that runs it – in this case, Allegheny County, Pennsylvania. <u>Id.</u>

A "local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." <u>Monell v. Dep't of Soc. Serv.s</u>, 436 U.S. 658, 694 (1978). Instead, in order to state a claim of municipal liability under section 1983, a plaintiff must allege that he or she was subject to a constitutional violation as the result of some identifiable official custom or policy of a municipality. <u>Faylor v. Szupper</u>, 411 F.App'x 525, 530 – 31 (3d Cir. 2011) (citing <u>Montgomery v. De Simone</u>, 159 F.3d 120, 126 (3d Cir. 1998)). Additionally, a plaintiff must establish that the municipality was the moving force behind his alleged injury. <u>Board of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown</u>, 520 U.S 397, 405 (1997). This means that the "plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." <u>Id.</u> (citations omitted).

Here, Plaintiff fails to allege any custom or policy of Allegheny County by which Defendants allegedly violated Plaintiff's constitutional rights. Furthermore, Plaintiff has failed

---

(N.D.Cal. Dec. 21, 2007)). <u>See also</u> <u>Washington v. New Jersey</u>, 417 F.App'x 124, 125 (3d Cir. 2011) (affirming the decision of the district court to dismiss a case pursuant to 1915 in spite of lack of venue).

to name any individual at Allegheny County Jail who has violated his rights, in any way, in connection with their alleged refusal to accept the package containing his property. Accordingly, his claims based on these alleged acts or omissions should be dismissed. However, as it is not apparent that it would be absolutely futile to do so, Plaintiff should be granted leave to amend this claim only.

**C.**     **John Doe Defendants**

In his complaint, Plaintiff names two John Doe Defendants. (Doc. 3) at 1. One appears to be based at ACJ, the other at SCI-Camp Hill. Id. Plaintiff makes no factual allegations against these Defendants anywhere in the complaint, and thus fails to state a plausible claim for relief against them. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Accordingly, Plaintiff's claims against them should be dismissed. With respect to the first John Doe – apparently based at ACJ – it is unclear that it would be futile to allow amendment of the complaint, and thus dismissal should be without prejudice. With respect to John Doe #2 – based at SCI-Camp Hill – leave to amend clearly would be futile, and dismissal should be with prejudice. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007).

**D.**     **State Law Claims**

For the reasons stated above, all of Plaintiff's state tort claims that accrued prior to June 15, 2009, are untimely, and should be dismissed. This would have no effect on any state tort claim of "negligence" raised by Plaintiff against Defendant ACJ.

### III. CONCLUSION

For the reasons set forth above, it is respectfully recommended that all of Plaintiff's claims against Defendant SCI-Camp Hill be dismissed, with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B). It further is recommended that Plaintiff's constitutional claims against Defendant ACJ be dismissed, without prejudice. Additionally, it is recommended that Plaintiff's claims against Defendant John Doe be dismissed without prejudice. Finally, it is recommended that Plaintiff's claims against Defendant John Doe #2 be dismissed with prejudice.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(C), and Rule 72.D.2 of the Local Rules for Magistrates, objections to this Report must be filed by August 10, 2011. Failure to file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

s/Cathy Bissoon
CATHY BISSOON
UNITED STATES MAGISTRATE JUDGE

Date: July 27, 2011

cc:
**CHARLES CARROLL**
37531
Allegheny County Jail
950 Second Avenue
Pittsburgh, PA 15219