# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES CARROLL, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 11-807 |
| | ) Judge Schwab |
| v. | ) Magistrate Judge Eddy |
| | ) |
| ALLEGHENY COUNTY JAIL, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.     RECOMMENDATION**

It is respectfully recommended that the Complaint in the above-captioned case be dismissed without prejudice based upon Plaintiff's failure to prosecute this action.

**II.    REPORT**

On June 21, 2011, the Plaintiff, Wesley Carroll ("Carroll" or "Plaintiff"), acting pro se, filed a civil rights Complaint [ECF No. 3] against Allegheny Jail John Doe, John Doe # 2, and SCI- Camp Hill. Defendants filed a Motion to Dismiss the Complaint for failure to state a claim. [ECF No. 9]. After reviewing the Report and Recommendation filed by the Magistrate Judge [ECF 13], the District Court adopted the Report and Recommendation, ordering that all claims against SCI-Camp Hill and John Doe #2 be dismissed with prejudice. SCI Camp Hill's Motion to Dismiss was denied as moot. Claims against John Doe and the Allegheny County Jail were dismissed without prejudice. With respect to the claims against these last two Defendants, Plaintiff was granted leave to filed an Amended Complaint, provided that he did so on or before September 7, 2011. According to the Order, "failure to file an Amended Complaint within this period of time will result in these claims being dismissed with prejudice." [ECF No. 14].

Plaintiff did not file a timely Amended Complaint, nor has he done so as of the date of this Report and Recommendation.

This case has lingered since August of 2011 solely through the fault of the Plaintiff, and should not be allowed to linger any longer. The Court cannot properly control its docket, move this action forward and properly protect the rights of all parties if the Plaintiff fails to comply with orders issued by this Court. Moreover, such conduct should not be condoned in light of the large prisoner dockets presently pending before the federal courts, all of which require prompt and thorough review.

A federal court has the discretion to dismiss a proceeding sua sponte based on a party's failure to prosecute the action. Link v. Wabash Railroad Co., 370 U.S. 626, 629-30 (1962); Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). Specifically, a plaintiff's failure to comply with a court order constitutes a failure to prosecute this action and therefore this action is subject to dismissal pursuant to Fed. R. Civ. P. 41(b), which states in pertinent part:

> Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule — except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 — operates as adjudication on the merits.

Fed. R. Civ. P. 41(b).

A district court has the power to dismiss a claim of a plaintiff pursuant to Fed R. Civ. P. 41(b) for failure to comply with an order of the court. *See, e.g.*, Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir.1995) (affirming district court's dismissal with prejudice of pro se prisoner's civil rights complaint for failure to comply with district court local rule providing failure of opposing party to file memorandum of points and authorities in opposition to any motion would constitute consent to granting motion); American Inmate Paralegal Assoc. v. Cline, 859 F.2d 59, 61 (8th Cir.1988) (dismissal with prejudice of inmate's civil rights action for failure to comply with court

order not abuse of discretion). In upholding the district court's dismissal of a *pro se* plaintiff's civil rights case under Rule 41(b), the Court of Appeals for the Sixth Circuit commented that "[w]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." Id. at 109. See also Allen v. American Federation of Government Employees, 317 Fed. App'x 180, 181 (3d Cir. 2009) (holding that district court did not abuse its discretion in dismissing complaint without explicitly weighing the Poulis factors when plaintiff failed to file an amended complaint as ordered by the court).

In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984), the Court of Appeals for the Third Circuit set out a six-factor balancing test to guide a court's analysis as to whether to dismiss a claim as a sanction:

(1)  extent of the party's personal responsibility;

(2)  prejudice to the adversary;

(3)  a history of dilatoriness;

(4)  whether the conduct of the party or the attorney was willful or in bad faith;

(5)  effectiveness of sanctions other than dismissal; and

(6)  meritoriousness of the claim or defense.

In weighing the Poulis factors, the established presumption is that doubts should be resolved in favor of reaching a decision on the merits. Scarborough v. Eubanks, 747 F.2d 871, 878 (3d Cir. 1984). Notwithstanding, although a court must balance the six factors, it need not find that all factors are met before it may dismiss an action with prejudice. Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912 (3d Cir. 1992) (court applies some or all of the six-part test in reviewing sanction orders that deprive a party of the right to proceed with or defend against a

claim); Mindek v. Rigatti, 964 F.2d at 1373 (it is not necessary that all of the factors point toward a default before that sanction will be upheld). Under these directives, this Court will analyze the present action to determine whether it should be dismissed based on Plaintiff's failure to prosecute.

First, in consideration of the plaintiff's responsibility, the court notes that the plaintiff is proceeding pro se. Hence, he bears sole responsibility for the failure to file an amended complaint.

Second, Plaintiff's failure to revise his complaint has extended Defendants need for attorneys and forced Defendants to continue to endure the anxiety associated with this type of litigation. Resolution of this matter has been unduly delayed.

Third, Plaintiff has not made any effort to move this case forward and has ignored this Court's orders to respond to do so. This is sufficient evidence, in the Court's view, to indicate that Plaintiff does not intend to proceed with this case in a timely fashion.

Fourth, Plaintiff's failure to respond is willful. There is no indication that he failed to receive the order set forth above.

Fifth, there are no alternative sanctions which would adequately punish Plaintiff for what appears to be contumacious conduct; imposing a monetary sanction on the prisoner would not be effective as he appears to be impecunious.

At least five of the six Poulis factors weigh heavily in favor of dismissal. Accordingly, it is respectfully recommended that this action be dismissed with prejudice for Plaintiff's failure to prosecute. To the extent Plaintiff disagrees, he must file timely objections to this recommendation.

### III.  CONCLUSION

For the reasons set forth above, it is recommended that this matter be dismissed with prejudice for failure to prosecute.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules for Magistrates, objections to this Report and Recommendation must be filed by February 20, 2012. Failure to file timely objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

Respectfully submitted,

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

Dated: February 6, 2012

cc: Counsel of Record via CM-ECF